## UNION OIL & MINING CO. et al. v. BOOTH.

No. 19861. Opinion Filed April 14, 1931.

West, Gibson, Sherman, Davidson & Hull, for plaintiffs in error.

Stanley D. Beldon, for defendant in error.

HEFNER, J. This is an action for damages originally brought in the district court of Tulsa county, by W. H. Booth, against Union Oil & Mining Company and George D. Roberts, for permanent injury to his premises by reason of pollution thereof by salt water and oil. Defendants' answer was a general denial.

The trial was to a jury, resulting in a verdict and judgment in favor of plaintiff in the sum of $800.

The only question urged by defendants for a reversal of the judgment is that the same is not sustained by the evidence and is contrary to law. It appears from the evidence that plaintiff was the owner of certain premises across which there flowed a fresh water stream. Along the banks of the stream there were numerous trees, consist-

ing of walnut, oak, and other varieties. Defendants owned and operated an oil and gas lease about three-quarters of a mile from these premises. In connection with such operation they constructed a pond or reservoir in which there was accumulated large quantities of salt water and crude oil or base sediment from crude oil. Quantities of this water and oil escaped from the reservoir, flowing over plaintiff's land and emptying into this stream. There was also located on defendants' lease an old reservoir or pond in which there were also confined salt water and drippings of oil. Defendant cut the dam of this reservoir, causing quantities of this substance to also flow across plaintiff's land and empty into the stream. There was no dispute as to these facts. The only dispute is as to whether plaintiff was damaged thereby.

It is also undisputed that following the acts above detailed numerous trees along the banks of this stream were found dead and the deposit of these substances in this stream caused the water to become polluted and the salt could readily be detected therein.

Plaintiff testified that the stream was so polluted that it became unfit for use. He also testified that ten acres of his land over which the water and oil flowed became polluted to such an extent as to render it nonproductive.

Defendants offered the evidence of a chemist who analyzed the soil and also samples of water from the stream and from such examinations testified that the soil was not damaged and that there was no permanent damage to the stream.

Other witnesses testified in behalf of the defendants that there was no damage to the soil of plaintiff's land and that there was no evidence as to the injury of trees on the premises from the result of the salt water and oil, but that such trees died from other causes.

Several witnesses testified in behalf of plaintiff to the effect that salt water and oil flowed over his land and that trees died along the line of the flow and that about ten acres over which the water flowed was rendered nonproductive.

It will thus be seen that the evidence is conflicting. This conflict was resolved in favor of plaintiff by the jury. There is ample evidence to sustain this finding.

The judgment is affirmed.

LESTER, C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, and KORNEGAY,

JJ., concur. CLARK, V. C. J., absent. Mc-NEILL, J., disqualified.